UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARK RESTORATION CONSULTANTS, LP, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-2015-B |
| COLUMBIA MUTUAL INSURANCE CO. and GERALD REED, | § § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Clark Restoration Consultants, LP's Motion to Remand (Doc. 4). For the reasons that follow, the Court **GRANTS** the Motion.

## I.

## BACKGROUND

This case arises from Defendants Columbia Mutual Insurance Company's ("Columbia") and Gerald Reed's ("Reed") alleged mishandling of Plaintiff Clark Restoration Consultants, LP's ("Clark") claims under Clark's insurance policy, issued by Columbia (the "Policy"). Doc. 4-1, Pet. ¶¶ 8–24. According to Clark, the Policy insured its business property, located at 1846 Idlewild Lane, Lancaster, Texas (the "Property"), against "loss by wind, hail[,] and storm damage among other perils." *Id.* ¶ 8. In October 2012, the Property sustained wind and rain damage, which Clark reported to Columbia. *Id.* ¶ 9. After conducting an inspection of the Property, Columbia offered to pay for some, but not all, of the damage. *Id.* Five months later, in March 2013, another storm caused further

damage to the Property. *Id.* ¶ 10. Clark reported this damage to Columbia as well, adding a second claim to the still-pending first claim. *Id.*

Columbia assigned insurance adjuster Gerald Reed to investigate Clark's claims. *Id.* ¶ 14. According to Clark, Reed took several improper actions during the course of the investigation, including "prematurely invok[ing] appraisal" and "select[ing] a bias[ed] appraiser." *Id.* ¶¶ 16, 30. Ultimately, Clark filed the instant action in the 101st Judicial District Court of Dallas County, Texas. Doc. 4, Pl.'s Mot. Remand ¶ 1. In its Original Petition, Clark asserts claims against Columbia for violations of the Texas Insurance Code and common law bad faith. Doc. 4-1, Pet. ¶¶ 26–29. Clark also seeks a declaratory judgment. *Id.* ¶ 25. Against Reed, Clark alleges only violations of the Texas Insurance Code. *Id.* ¶¶ 30–34. Columbia removed the case to this Court, contending that Reed had been fraudulently joined and, therefore, complete diversity exists between the proper parties.[1] *See* Doc. 1, Notice of Removal. This prompted Clark to file the present Motion, which seeks to remand the case to state court on the basis that it has appropriately joined Reed as a non-diverse defendant. Doc. 4, Mot. Remand ¶ 19. The Court has since received Columbia's response, Clark's reply, and supplementary briefing from both parties. *See* Docs. 5–6, Def.'s Resp. & Br. in Supp.; Doc. 7, Pl.'s Reply; Doc. 10, Pl.'s Supplemental Reply; Doc. 13, Def.'s Supplement. The Motion is now ready for review.

---

[1] It is undisputed that both Clark and Reed are citizens of Texas. *See* Doc. 1, Notice of Removal ¶ 7. Therefore, unless Reed has been improperly joined as a defendant, complete diversity of citizenship does not exist between the parties.

## II.

## LEGAL STANDARD

A. *Motions to Remand*

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332. That statute provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal is only proper in such cases, however, if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281.

That being said, a non-diverse defendant may be disregarded for the purpose of analyzing complete diversity if the non-diverse defendant was improperly joined. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183

(5th Cir. 2005)). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas*, 648 F.3d at 249. The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Here, Columbia does not assert that Clark engaged in fraud. Thus, to establish improper joinder, Columbia must demonstrate that there is no possibility of recovery by Clark against Reed. *Id.* Under this prong, "the [C]ourt must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.* 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462.

Courts determine whether there is a possibility of recovery in one of two ways. One way is to conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. The other way is to "pierce the pleadings" and conduct a Rule 56-type analysis. *Id.* The latter approach, however, is only appropriate where the summary judgment evidence reveals that the plaintiff has "misstated or omitted discrete facts" relevant to the propriety of joinder. *Id.* "The purpose of the inquiry is limited to identifying 'the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *Smallwood*, 385 F.3d at 573–74).

Columbia has urged the Court to conduct a Rule 56-type analysis and has submitted evidence in support of its position. *See* Doc. 5, Def.'s Resp. 9; Docs. 5-1–5-10. This evidence,

however, does not identify "the presence of discrete and undisputed facts that would preclude [Clark's] recovery against" Columbia. *See Smallwood*, 385 F.3d at 573. Instead, it contests the merits of Clark's allegations. For example, Columbia tries to disprove Clark's assertion that Reed selected a biased appraiser by pointing to emails between its counsel and Clark's counsel where Columbia agreed to select a different appraiser after Clark objected to Reed's original choice. Doc. 5-6, Def.'s Ex. A-6. As an initial matter, the Court observes that this evidence does *not* prove that Reed's original appraiser was not biased. Furthermore, Clark provided an email from its lawyer to Reed objecting to his original appraiser a full nine months before Columbia agreed to the change. Doc. 7-5, Pl.'s Ex. E. At best, then, this evidence raises a question as to the merits of Clark's claims against Reed; it certainly does not preclude them. Columbia's evidence therefore does not justify piercing the pleadings. *See Hutchens v. Smith & Nephew, Inc.*, No. 13-CV-4979, 2014 WL 4177306, at *3 (N.D. Tex. Aug. 22, 2014) (refusing to pierce the pleadings when evidence only contested the merits of the plaintiffs' claims). The Court thus proceeds with a Rule 12(b)(6)-type analysis of Plaintiffs' Original Petition.

In conducting this Rule 12(b)(6)-type analysis of a petition originally filed in Texas state court, this Court applies state court pleading standards. *Oldham v. Nationwide Ins. Co. of Am.*, No. 14-CV-0575, 2014 WL 3855238, at *4 (N.D. Tex. Aug. 5, 2014). Traditionally, Texas courts have applied a more liberal pleading standard than the federal one, upholding a petition as long as it provides "fair notice of the claim involved." Tex. R. Civ. P. 45(b). In March 2013, however, the Texas Supreme Court adopted Rule 91a of the Texas Rules of Civil Procedure, which provides in pertinent part:

<>...

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a. While not identical to the Rule 12(b)(6) standard, the Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on the Rule 12(b)(6) case law in applying it. *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied). Accordingly, this Court will do the same.

B.   *Rule 12(b)(6) Standard*

Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Furthermore, the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

### III.

### ANALYSIS

Columbia argues that Clark has put forward only "general allegations and near verbatim recitations of the Texas Insurance Code," which cannot justify remanding the case to state court. Doc. 5, Def.'s Resp. 10. Clark disagrees, asserting that the allegations against Reed in its Original Petition are sufficient to state viable claims, and therefore remand is warranted. Doc. 4, Pl.'s Mot. Remand ¶ 15.

In its Original Petition, Clark claims that Reed's conduct violates § 541.060 of the Texas Insurance Code, which prohibits, *inter alia*, "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2). This Court has previously found that adjusters may be held liable for violations of this section, as they "unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims." *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 15-CV-1183, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015). But they are only liable for conduct occurring *before* the settlement of the disputed policy claim. *See Thomas v. State Farm Lloyds*, No. 15-CV-1937, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015). Clark's allegation that Reed selected a biased appraiser falls into this category—it occurred prior to the

settlement of Clark's claims, and the Court finds it adequate to support a claim against Reed in his individual capacity under § 541.060(a)(2). *See Linron Props., Ltd. v. Wausau Underwriters Ins. Co.*, No. 15-CV-0293, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015) (finding an allegation that an adjuster "retain[ed] an engineer and contractor who were known for arriving at findings that favored insurance companies" sufficient to state a claim under § 541.060(a)(2)). Thus, Defendants have failed to carry their heavy burden of proving improper joinder, and remand is appropriate.

The Court notes that it would reach the same conclusion even under a Rule 56-type analysis. As explained above, Columbia's evidence does not disprove Clark's assertion that the original appraiser was biased. At most, the evidence shows that Clark objected to Reed's original appraiser as biased, and Columbia agreed to select a new appraiser after a nine-month interval. Whether this conduct amounts to "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of Clark's claims, Tex. Ins. Code § 541.060(a)(2), is a genuine issue of material fact. The evidence therefore does not "preclude [Clark's] recovery against [Reed]." *Mumfrey*, 719 F.3d at 401. Instead, it offers "a reasonable basis for predicting that state law might impose liability" on him, meaning that remand is, again, proper. *Campbell*, 509 F.3d at 669.

## IV.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Clark's Motion to Remand and **ORDERS** that this case be remanded to the 101st Judicial District Court of Dallas County, Texas.

SO ORDERED.

SIGNED: November 10, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE